IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **International Watchman Inc.**, | ) | |
| c/o statutory agent: Ronald Sabo, Jr. | ) | Case No. |
| 4301 Manhattan Ave. | ) | |
| Brunswick, Ohio 44232, | ) | Judge: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION - COMPLAINT FOR** |
| v. | ) | **TRADEMARK INFRINGEMENT** |
| | ) | |
| | ) | |
| **Kickstarter, PBC**, | ) | *(Jury demand endorsed hereon)* |
| dba kickstarter.com, | ) | |
| c/o CT Corporation System, | ) | |
| 28 Liberty St. | ) | |
| New York, New York 10005, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| **Albany Watches**, | ) | |
| dba albanywatches.com, | ) | |
| c/o CT Corporation System, | ) | |
| 28 Liberty St. | ) | |
| New York, New York 10005, | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES the Plaintiff, *International Watchman, Inc.*, and for its Complaint against the Defendants alleges as follows:

## THE PARTIES

1. The Plaintiff, International Watchman, Inc., is a corporation organized under the laws of Ohio, and has its principal place of business in Brunswick, Ohio, which is in Medina County,

Plaintiff's Complaint - 1

- 1 -

which is within the jurisdictional area of the Cleveland Division of the Northern District of Ohio Federal Court.

2. Upon information and belief, the Defendants, are entities of various corporate and non-corporate types, which make, use, sell, offer for sale, and/or import watch bands and straps that infringe the Plaintiff's trademark.

3. The Defendant, Kickstarter PBC, is a New York Public Benefit Corporation that engages in online funding campaigns, among other things, located physically in New York, with a Registered Agent listed with the New York Department of State as: CT Corporation System, 28 Liberty St., New York, New York 10005. (See, https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_token=AEB479DCCEC6C84BA07323F59890BC818C5328FC6CD41829DCA192C97E69AF642196BB9536DF81216FB4201E547B26BA&p_nameid=3F988EF86BDBBA6B&p_corpid=1443B7D0F3AA3249&p_captcha=11858&p_captcha_check=AEB479DCCEC6C84BA07323F59890BC818C5328FC6CD41829DCA192C97E69AF6484990915FBCAB8AD011DC04B9E191520&p_entity_name=kickstarter&p_name_type=A&p_search_type=BEGINS&p_srch_results_page=0).

4. The Defendant, Kickstarter, upon information and belief, makes, uses, sells, offers for sale, and/or imports infringing product in the United States. (See, https://www.kickstarter.com/projects/albanywatches/the-ama-diver/ ). See, also: https://www.albanywatches.com/.

Plaintiff's Complaint - 2

2 - 2 -

**JURISDICTION AND VENUE**

5. This is an action for trademark infringement. The Court has subject matter over this matter because the Plaintiff states a claim for federal trademark infringement, 15 U.S.C. § 1125(a); §43(a) of the Lanham Act.  This Court also has supplemental jurisdiction over the claims in the Complaint which arise under the statutory and common law of the State of Ohio pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. In addition, or in the alternative to federal question jurisdiction, this Court also has jurisdiction by diversity of citizenship principles since the Plaintiff's state citizenship is diverse from each Defendant's state citizenship.  The amount in controversy also exceeds $75,000.

7. This Court has personal jurisdiction over the Defendants by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio, within this judicial district and elsewhere.

8. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendants are subject to personal jurisdiction in this district, and infringement occurred within this judicial district.

9. Ohio's Long-Arm Statute, RC § 2307.382(A)(1), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action

arising from the person's: (1) Transacting any business in this state." In this case, the Defendants transact business in this state.

10. Ohio's Long-Arm Statute, RC § 2307.382(A)(2), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (2) Contracting to supply services or goods in this state." In this case, the Defendants contract to supply goods in this state.

11. The Defendants sell or are attempting to sell infringing products over their websites, which are noted under their names in the above case caption, which are websites that have active rather than passive features, meaning, they permit Ohio users to place orders, to store personal account information, to register a username and password, to access customer service, and to ship products to different states, including Ohio. Websites with similar features have been found to satisfy the 'purposeful availment' requirement of the "minimum contacts" analysis satisfying due process. *See, e.g., Solar X Eyewear, LLC v. Bowyer*, 2011 WL 3418306 (N.D. Ohio Aug. 4, 2011); *Wood v. 1-800-Got-Junk?, LLC*, 2007 WL 895008 (S.D. Ohio March 22, 2007); *V Secret Catalogue v. Zdrok*, 2003 WL 22136303 (S.D. Ohio Aug. 29, 2003); *Bath and Body Works, Inc. v. Wal-Mart Stores, Inc.*, 2000 WL 1810478 (S.D. Ohio Sept. 12, 2000).

## FACTUAL ALLEGATIONS

12. Since its founding in 1986 and incorporation in 1997, the Plaintiff has designed, produced, and marketed a broad line of distinctive, high-quality watches, watch parts, watch bands, watch straps, watch bracelets, deployment buckles, watch tools, loupes, case openers,

screwdrivers, link removers, hand pullers, spring bars, watch boxes, watch rolls, folders, cases, and other similar products in the United States and overseas.

13. The Plaintiff is a leading provider of such products and original equipment parts for hundreds of jewelry stores throughout the United States.

14. Within this area of specialty, Plaintiff has become very well known for a distinctive type of Military watchstrap that was originally developed during WWI and WWII for use with military style watches. These watch bands, made of canvas, nylon, ballistic nylon and similar materials, created to enhance the original appearance of military watches have become quite popular for all styles of wrist watches and are widely sold by Plaintiff under the NATO® and NATO-G10® brands.

15. These military straps had, in the past, been sold through distributors and military contractors. Currently, the Plaintiff sells the NATO® and NATO-G10® brand watch bands directly to consumers as part of their website.

16. Direct to consumer sales are also accomplished in great overall volumes through on-line shopping sites such as www.eBay.com and www.Amazon.com.

17. The Plaintiff has become a leader in the sale of these distinctive types of Military watchstraps.

18. The Plaintiff has a federally registered mark for "NATO," Registration Number 3,907,646 ("the '646 mark"). (See Registration Certificate attached hereto.)

19. The Plaintiff also has a federally registered mark for "NATO-G10" Registration No. 4,093,914 ("the '914 mark"). (See Registration Certificate attached hereto.)

20. The marks-in-suit are in the classification of watches, watch bands, and straps.

21. In addition to Plaintiff's sales from its website and through amazon.com and ebay.com, the Plaintiff has licensed use of the "NATO" trademark to various third parties, which themselves market and sell products bearing the "NATO" brand name.

22. In pursuit of its extensive licensing activities, the Plaintiff has sued many infringers and resolved almost all the cases with either licensing, or an agreement where the infringer stops infringing.  The settlements have included multiple injunctions entered by the United States Federal Court for the Northern District of Ohio.

23. Plaintiff is an Ohio company based in Medina County, Ohio.  Plaintiff has enjoyed real success in selling NATO® brand watch straps.  Unfortunately, since the straps are inexpensive to acquire, and easy to sell, and sold with healthy markups, lots of infringement has taken place.  This explains Plaintiff's ongoing, significant efforts to police the marketplace and thus accounts for Plaintiff's litigation history.

24. Such cases include, but are not limited to (and, many of these lawsuits included multiple party-Defendants):

| | | | |
|---|---|---|---|
| 1:13-cv-01986-PAG | International Watchman, Inc. v. The NATO Strap Co. et al | filed 09/09/13 | closed 08/17/15 |
| 1:13-cv-02240-PAG | International Watchman, Inc. v. Nite International Limited et al | filed 10/10/13 | closed 08/17/15 |
| 1:13-cv-02358-PAG | International Watchman, Inc. v. Debeer Watch Brands, Inc. et al | filed 10/24/13 | closed 08/17/15 |
| 1:15-cv-02558-DAP | International Watchman, Inc. v. Guorong et al. | filed 12/10/15 | closed 09/06/16 |

Plaintiff's Complaint - 6

| | | |
|---|---|---|
| [1:16-cv-02377-DAP](#) | International Watchman, Inc. v. James Caird Timepieces LLC et al | filed 09/27/16   closed 04/27/17 |
| [1:16-cv-02379-CAB](#) | International Watchman Inc. v. Cunningham | filed 09/27/16   closed 06/14/17 |
| [1:16-cv-02836-CAB](#) | International Watchman Inc. v. Hello, Natostrap, et al., | filed 11/21/16   closed 07/08/19 |
| [1:17-cv-00158-SO](#) | International Watchman Inc. v. Amber Anderson, et al., | filed 01/23/17   closed 04/28/17 |
| [1:17-cv-00497-JG](#) | International Watchman Inc. v. 81 January Inc. | filed 03/10/17   closed 08/31/17 |
| [1:18-cv-01690-PAG](#) | International Watchman Inc. v. Strap.ly et al | filed 07/20/18   closed 04/29/19 |
| [1:19-cv-02310-CAB](#) | International Watchman Inc. v. Barton Watchbands Holdco, LLC et al | filed 10/03/19 |

[1:20-cv-02290-PAB](#)   International Watchman, Inc. v. OnceWill LLC et al   filed 10/09/20

25. The Plaintiff has also defended the trademarks, and continues to defend the trademarks, before the United States Trademark Trial and Appeal Board (TTAB).

26. In the instant lawsuit, Plaintiff is asserting that each of the Defendants have infringed the Plaintiff's federally registered trademarks.  (Examples of each Defendant's infringement is attached hereto in exhibit form, for each Defendant, which are incorporated herein by reference.)

Plaintiff's Complaint - 7

7 - 7 -

27. The Defendants have unfairly misused the Plaintiff's registered mark in connection with selling their competing products.

28. The Defendants' trademark infringements are actual and/or colorable imitations of Plaintiff's "NATO" mark, and cause confusion in the marketplace.

29. None of the named Defendants herein have Plaintiff's permission to use the federally registered marks.  None of the Defendants herein have license agreements with Plaintiff or any licensee of Plaintiff.

30. The Plaintiff is entitled to an award of damages against all Defendants for trademark infringement.

31. The Plaintiff is also entitled to equitable relief including a temporary, preliminary, and permanent injunction.

### CLAIM NO. 1
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a); §43(a) of the Lanham Act)*
(Versus all Defendants)

32. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

33. The Defendants have used, and are using, the Plaintiff's NATO® marks without any authorization from the Plaintiff. Defendants' sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

34. The Defendants' acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO® mark.  Such intentional acts on the part of Defendants have damaged Plaintiff's goodwill as symbolized by its NATO® mark, causing Plaintiff immediate and irreparable damage.

35. The Defendants' conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

36. Upon information and belief, the Defendants had actual knowledge of Plaintiff's exclusive rights in the NATO® mark, and willfully and deliberately infringed Plaintiff's rights.

37. The Defendants' acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that their products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

38. The Defendants' actions constitute trademark infringement and unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

## CLAIM NO. 2
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*
(Versus all Defendants)

39. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

40. All the Defendants' acts and conduct as alleged above in this Complaint also constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiff prays that this Court enter an Order comprising all Defendants:

A) A temporary and then preliminary and then permanent injunction enjoining the Defendants from making, using, marketing, selling, or importing any product or service that infringes upon the Plaintiffs' marks;

B) An award of damages for trademark infringement under codified and common law pertaining to trademark infringement lawsuits;

C) An assessment of interest on the damages so computed;

D) An award of damages to the Plaintiff and against Defendants, jointly and severally, for all damages sustained by Plaintiff including the Defendants' profits and the costs of the action pursuant to 15 U.S.C. § 1117(a), and an award of attorney's fees;

E) Judgment against Defendants, jointly and severally, indemnifying the Plaintiff from any claims brought against the Plaintiff for negligence, debts, malpractice, product liability, or other breaches of any duty owed by the Defendants to any person who was confused as to some association between the Plaintiff and Defendants as alleged in this Complaint;

F) Judgment against Defendants for an accounting and monetary award in an amount to be determined at trial;

G) Requiring Defendants to account to the Plaintiff for all sales and purchases that have occurred to date, and requiring the Defendants to disgorge all profits derived by Defendants for selling infringing products or services;

H) Requiring Defendants to provide full disclosure of all information relating to its supplier or suppliers of infringing product or services;

I) Requiring Defendants to destroy all manufacturing equipment used to manufacture infringing products, packaging, and packing materials;

J) Ordering a product recall of infringing products and services for destruction;

K) Requiring Defendants to file with this Court and serve on the Plaintiff within thirty (30) days of this Court's order a report setting forth the way they complied with the order;

L) Requiring Defendants to provide to Plaintiff all sales records, including but not limited to, email, mail, and advertising lists;

M) Damages according to each cause of action herein;

N) Prejudgment interest;

O) Enhanced damages, trebled damages, and/or punitive damages, as permitted by law;

P) An injunction against Defendants under 15 U.S.C. § 1116(a) for infringing the Plaintiff's trademark;

Q) An order against Defendants to destroy all things related to their infringement bearing a colorable imitation of the Plaintiff's marks pursuant to 15 U.S.C. § 1118; and

R) Any such other relief in law or equity that this honorable Court deems just and appropriate.

## JURY DEMAND

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable by the maximum number of jurors permitted by law.

Dated: Saturday, October 24, 2020

Most Respectfully Submitted,

*s/ David A. Welling*
**DAVID A. WELLING (75934) (lead counsel)**
**C. VINCENT CHOKEN (70530)**
CHOKEN | WELLING LLP
3020 West Market Street
Akron, Ohio 44333
Tel. (330) 865-4949
Fax (330) 865-3777
davidw@choken-welling.com
vincec@choken-welling.com

**JOHN D. GUGLIOTTA (62809)**
**NATHAN J. GUGLIOTTA (96962)**
Gugliotta & Gugliotta LPA
3020 West Market Street
Akron, Ohio 44333
Tel. (330) 253-2225
Fax (330) 253-6658
johng@inventorshelp.com
nathan@inventorshelp.com

*Counsel for the Plaintiff*